UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**UNITED STATES OF AMERICA,**

      v.                                                                                                                                               **CR NO. 06-227 (JMF)**

**KEITH ROOTS,**

      **Defendant.**

---

### DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### FINDINGS OF FACT

1. In its indictment, the Grand Jury charged Keith Roots ("Defendant Roots") along with 13 other individuals with engaging in a conspiracy to sell phencyclidine or PCP. The conspiracy ran from approximately September of 2005 until July of 2006.

2. Proceeding by proffer, the government stated that the conspiracy was headed by Darnell Jackson and Troy Hopkins.

3. Flight records obtained by the government show that members of the conspiracy, including defendant, would fly in and out of Long Beach Airport on Jet Blue airlines. Long Beach was chosen for its proximity to the Compton area and for its

perceived lax security.

4. Members of the conspiracy would then purchase PCP from Tony Hilt. The PCP was usually purchased in one gallon quantities with a total of three gallons purchased per trip.

5. The PCP was then given to couriers for transport back to the Washington metropolitan area. The leader of the couriers was Tinesha Adams. The PCP was smuggled back to Washington in lotion, shampoo or mouthwash bottles.

6. The conspiracy coordinates approximately 20-30 flights per month over an 18-month period.

7. On or about March 13, 2006, defendant Roots traveled to California with Jackson, using either a District of Columbia or Maryland non-driver's identification card. After purchasing the PCP, they flew back immediately.

6. On or about April 4, 2006, defendant Roots again traveled to California with Jackson. A government witness accompanied them on the trip. Jackson met with Hilt and purchased PCP. Defendant Roots, Jackson and the government witness returned to Washington the next day.

7. Members of the conspiracy, including defendant Roots, then met at the home of Bernie Hargrove, located at 10th Street, S.E., to dilute the PCP with starter fluid for sale in the Washington metropolitan area. Not only did the government witness observe defendant Roots purchasing starter fluid but also mixing the starter fluid with the PCP.

8. In addition to the information provided to the government by the informant, the

government also has taped conversations of phone calls between defendant Roots and Jackson as well as records of bank wire transfers and flight records.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

## The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

   a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

   b. Past conduct, history relating to drug or alcohol abuse;

   c. Criminal history;

   d. Record concerning appearance at court proceedings;

   e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** The crime clearly involves a narcotic drug – namely, participation in a conspiracy to distribute more than one kilogram of PCP.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Defendant Roots is a lifelong resident of the Washington, D.C. area. He is single and has no children. He is living with his mother in Annandale, Virginia and has an aunt and a brother in the area.

**The weight of the evidence.** The weight of the evidence is overwhelming. Airline

records indicate that defendant Roots traveled on at least two occasions to Long Beach airport in California and returned to the Washington area almost immediately. In addition, a government informant traveled with defendant Roots to California. That same government informant observed defendant Roots purchasing starter fluid and mixing the starter fluid with the PCP in preparation for sale.

**History relating to drug or alcohol abuse.** There is no information available on whether defendant Roots has a history relating to drug or alcohol abuse.

**Record concerning appearance at court proceedings and prior criminal record.** Defendant Roots has no prior convictions.

**Whether on probation or parole at the time of the present offense.** Defendant Roots has no prior convictions.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that defendant Roots should be detained pending trial. He was an active participant in a national conspiracy to sell more than one kilogram of PCP and a government informant accompanied him on his trip to California to purchase the PCP. The government informant later observed him purchasing starter fluid and mixing it with the PCP. This evidence clearly shows that he is at the upper echelons of a sophisticated national drug conspiracy. The importation into this community of large quantities of this dangerous drug endangers this community in the most obvious way. Defendant Roots has proffered only his lack of a criminal history to rebut the presumption of his dangerousness created by the Bail Reform Act. I therefore find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety

of the community. I will, therefore, order defendant Roots detained without bond pending trial.

                                                _____
                                                **JOHN M. FACCIOLA**
                                                **UNITED STATES MAGISTRATE JUDGE**

**September 14, 2006**